IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELIZABETH HIGGINS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:08CV15 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOACHIM DANKIW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' Motion for Clerk's Entry of Default (Filing No. 14) and the defendants' Motion for Leave to File Motion to Dismiss Out of Time (Filing No. 15). The defendants filed a brief (Filing No. 16) in support of their motion. No additional briefing is necessary on the matter.

The plaintiff filed the instant action on January 11, 2008. **See** Filing No. 1. The defendants were served and received an extension of time to answer until March 14, 2008. **See** Filing No. 6. On March 14, 2008, the defendants filed a motion to stay all proceedings (Filing No. 9) and a motion to bifurcate claims (Filing No. 12). The defendants did not file answers or any other motions at that time. On March 24, 2008, the plaintiff filed a motion for Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a), based on the defendants' failure to file answers or motions to dismiss. **See** Filing No. 14.

"When a party against whom a judgment for affirmative relief is sought has <u>failed to plead or otherwise defend</u>, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) (emphasis added). The defendants contend the motion to stay was, in effect, a motion for an extension of time to answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 6(b)(1). Additionally, the defendants state they believed they were in compliance with their obligation to respond to the complaint with the filing of their motions. **See *Ritts v. Dealers' Alliance Credit Corp.***, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (motion to remand, while not expressly within Rule 12(a)(4), falls within the "spirit and purpose" of the Rule and tolls the response time because if it is granted there is no need to respond to the claims).

"Although the Clerk has not yet entered a default, the court believes that [the] motion, which challenges the appropriateness of such an entry, is similar in spirit to a motion to set aside an entry of default already entered." *Id.* (**citing *Meehan v. Snow***, 652 F.2d 274, 276-77 (2d Cir.1981)). "Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." ***Johnson v. Dayton Elec. Mfg. Co.***, 140 F.3d 781, 783 (8th Cir. 1998); *see also **C-B Kenworth, Inc. v. General Motors Corp.***, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Furthermore, the court must determine whether good cause exists to deny default and allow the defendants' to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

The court concludes the defendants are not in default. Here they have promptly sought extensions of time to respond to the complaint or for a stay of proceedings. Further, the defendants promptly responded to the plaintiffs' motion for clerk's entry of default. There is no indication the defendants were dilatory in their efforts to defend against the plaintiffs' allegations. Finally, the plaintiff cannot show any prejudice by allowing the defendants to file the motion to dismiss, as the response time for the motion to stay has not yet passed, nor has the court yet determined the merits of a stay. In the alternative, the court finds good cause exists to allow the defendants additional time to respond to the complaint by filing an answer or motion to dismiss. This is so whether or not a clerk's entry of default was technically justified under the circumstances. Good cause is shown based on the defendants' reasonable belief the motion to stay tolled the pleading response time. Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' Motion for Clerk's Entry of Default (Filing No. 14) is denied.
2. The defendants' Motion for Leave to File Motion to Dismiss Out of Time (Filing No. 15) is granted. The defendants shall have to **on or before April 4, 2008**, to file the motion to dismiss.

2

3. The plaintiffs' Motion for Extension of Time to Respond to Defendants' Motion to Bifurcate the Claims (Filing No. 17) and Motion for Extension of Time to Respond to Defendants' "Motion for Stay of Proceedings" (Filing No. 18) are granted to the extend the plaintiffs shall have an extension of time until **April 4, 2008**, to respond to the defendants' motions (Filing Nos. 9 and 12).

DATED this 27th day of March, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge