## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **ELIZABETH HIGGINS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **8:08CV15** |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **JOACHIM DANKIW, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter is before the court on reconsideration of the court's March 27, 2008 order (Filing No. 19), after a motion seeking reconsideration (Filing No. 20) was filed by the plaintiffs.[1]  In the March 27, 2008 order, the court denied the plaintiffs' Motion for Clerk's Entry of Default (Filing No. 14) and granted the defendants' Motion for Leave to File Motion to Dismiss Out of Time (Filing No. 15).  The parties have had an opportunity to fully brief the issues.

### BACKGROUND

The plaintiffs filed the instant action on January 11, 2008.  **See** Filing No. 1.  The defendants were served and received an extension of time to answer until March 14, 2008. **See** Filing No. 6.  On March 14, 2008, the defendants filed a motion to stay all proceedings (Filing No. 9) and a motion to bifurcate claims (Filing No. 12).  The defendants did not file answers or any other motions at that time.  On March 24, 2008, the plaintiffs filed a motion for Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a), based on the defendants' failure to file answers or motions to dismiss.  **See** Filing No. 14.  On March 25, 2008, the defendants filed a motion for leave to file a motion to dismiss.  **See** Filing No. 15.

On March 27, 2008, after a review of the filings and all matters contained in the record, the court determined further briefing on the plaintiffs' motion for entry of default and

---

[1]As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case.  This document also contains links to the Nebraska local rules and legal citation from the federal reporters.  The hyperlinked documents appear in blue underlined text.  Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements.  The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

the defendants' motion for leave to file an answer was not warranted because the parties' respective positions were described in the filings.  After review, the court denied the plaintiff's motion and granted the defendants leave to file a motion to dismiss.  **See** Filing No. 19.  However, on March 31, 2008, the plaintiffs sought reconsideration (Filing No. 20) of the March 27, 2008 order, an order setting aside the March 27, 2008 order (Filing No. 22), and an abbreviated briefing schedule for the issues (Filing No. 24).  The court suspended operation of the March 27, 2008 order and granted the parties leave to engage in briefing.  **See** Filing No. 27.[2]  In addition to the materials considered above, the plaintiffs filed a response brief (Filing No. 31) and the defendants filed a reply brief (Filing No. 32).

## ANALYSIS

The plaintiffs contend the court improvidently denied the plaintiff's motion for Clerk's entry of default because entry of default was required by Federal Rule of Civil Procedure 55(a).  Rule 55(a) provides:  "When a party against whom a judgment for affirmative relief is sought has <u>failed to plead or otherwise defend</u>, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a) (emphasis added).  There is no dispute the defendants failed to file answers, motions for extension of time to answer, or motions to dismiss by their answer deadline of March 14, 2008.  Accordingly, the plaintiffs now seek an order withdrawing the earlier denial and directing the Clerk of Court to enter default.

The defendants contend the motion to stay was, in effect, a motion for an extension of time to answer or otherwise respond to the complaint pursuant to Fed. R. Civ. P. 6(b)(1), out of time.  Additionally, the defendants state they believed they were in compliance with their obligation to "otherwise defend" with the filing of their motions.  **See** *Ritts v. Dealers' Alliance Credit Corp.*, 989 F. Supp. 1475, 1479 (N.D. Ga. 1997) (motion to remand, while not expressly within Rule 12(a)(4), falls within the "spirit and purpose" of the Rule and tolls the response time because if it is granted there is no need to respond to the claims).

---

[2]The defendants filed a motion to dismiss (Filing No. 25) prior to entry of the court's March 31, 2008 order.  However, briefing has not been completed for the motion to dismiss.

The court finds the defendants' conduct in this case satisfies the "otherwise defend" provision of Rule 55(a). "The words 'otherwise defend' presume the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim." *Wickstrom v. Ebert*, 101 F.R.D. 26, 32 (E.D. Wis. 1984) (defendants "defended" by filing motions to dismiss). Courts have determined filings other than an answer, motion to dismiss, or motion for an extension of time, satisfy the rule, particularly where the party "demonstrates a concerted effort and an undeniable desire to contest the action." *Rashidi v. Albright*, 818 F. Supp. 1354, 1356 (D. Nev. 1993) (motion for summary judgment); **see** *de Antonio v. Solomon*, 42 F.R.D. 320 (D.C. Mass. 1967) (Court denied plaintiff's motion for entry of default by finding that litigant's obligation to plead or otherwise defend was satisfied by his assertion of privilege against self incrimination even though allegations of complaint were not answered). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Wendt v. Pratt*, 154 F.R.D. 229, 230 (D. Minn. 1994) (citations omitted). "There is a strong public policy, supported by concepts of fundamental fairness, in favor of trial on the merits, particularly when monetary damages sought are substantial." *Swink v. City of Pagedale*, 810 F.2d 791, 792 n. 2 (8th Cir. 1987) (internal citations omitted).

"Although the Clerk has not yet entered a default, the court believes that [the] motion, which challenges the appropriateness of such an entry, is similar in spirit to a motion to set aside an entry of default already entered." *Ritts*, 989 F. Supp. at 1479 (**citing** *Meehan v. Snow*, 652 F.2d 274, 276-77 (2d Cir. 1981)). "Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); **see also** *C-B Kenworth, Inc. v. General Motors Corp.*, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer").

3

When evaluating a defendant's conduct, a distinction must be made between a "marginal failure to comply with the time requirements" for filing a response to a complaint, and "willful violations of court rules, contumacious conduct, or intentional delays." *American States Ins. Corp. v. Technical Surfacing, Inc.*, 178 F.R.D. 518, 521 (D. Minn. 1998) (**quoting** *United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993)).  In this circuit, "[t]he cases reflect that modest periods of delay, which have not appreciably prejudiced the plaintiffs, have consistently been treated as 'marginal failures.'" *American States*, 178 F.R.D. at 521 (**citing** *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 687 (8th Cir. 1995) (five-week delay); *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993) (twenty-two day delay); *Harre*, 983 F.2d at 130 (twelve day delay); *Battle v. Prudential Ins. Co. of America*, 973 F.Supp. 861, 863 (D. Minn. 1997) (three-week delay); *Wendt*, 154 F.R.D. at 231 (two-week delay)).  "Instead, an entry of a Default Judgment has been reserved for those occasions which exhibit a clear demonstration of willful neglect, or intentional delay." *American States*, 178 F.R.D. at 521 (**citing** *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997) (extensive delay and neglect of case); *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (pattern of dilatory conduct).  Although these cases address the issue of default judgment, the same considerations are relevant here.  In any event, even after entry of default, the responding party's conduct may cure the default.  **See** *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) ("[The defendants'] filing [a motion to dismiss], however late, cured their default and thereafter entry of default would not be appropriate.").  Furthermore, the court must determine whether good cause exists to deny default and allow the defendants to proceed on the merits.  **See** Fed. R. Civ. P. 6(b), 55(c).

The court concludes the defendants are not in default.  Here they have promptly sought extensions of time to respond to the complaint or for a stay of proceedings.  The defendants continued to make attempts to "otherwise defend" the action by filing a motion to stay.  The defendants clearly took affirmative steps to defend the action, in contrast to a complete failure to respond.  Further, the defendants promptly responded to the plaintiffs' motion for clerk's entry of default.  There is no indication the defendants were dilatory in

4

their efforts to defend against the plaintiffs' allegations.  The defendants moved for leave to file a motion to dismiss only ten days after their answer deadline.  Further, on that deadline, the defendants had filed a motion to stay.

Since the initial motion, the defendants have filed a motion to dismiss, which is some evidence of the merits of their defense.  The plaintiffs contend the defendants' motion to dismiss fails to cover all defendants, thus such un-joined defendants would still be in default and they fail to show a meritorious defense.  However, the defendants are jointly represented by counsel, the claims and defenses are interrelated, and some parties are sued in more than one capacity.  This is not to say the defendants who do not raise legal arguments in the motion to dismiss are exempt.  However, the plaintiffs cannot show they are unduly prejudiced by granting leave to file the motion to dismiss, even if such motion only relates to claims against certain defendants.  **See *Hanley v. Volpe*, 48 F.R.D. 387, 388 (E.D. Wis. 1970)**.  Similarly, the plaintiffs cannot show other prejudice by allowing the defendants to file the motion to dismiss or otherwise respond to the complaint.  The response time for the motion to stay had not yet passed, nor had the court yet determined the merits of a stay before the defendants sought leave to file the motion to dismiss.

In the alternative, even assuming the Clerk of Court had entered default, the court would now be deciding whether such default should be set aside.[3]  By the same analysis set forth above, the court finds good cause exists to allow the defendants additional time to respond to the complaint by filing an answer or motion to dismiss.  Good cause is shown based on the defendants' reasonable belief the motion to stay tolled the pleading response time.  **See *Rashidi*, 818 F. Supp. at 1356** ("Defendants' belief that the law supports the notion [their conduct] falls within the scope of "defend" within the meaning contemplated by Rule 55 and that [their] motion can toll the response time, minimally amounts to a good faith interpretation of the law or alternatively could be considered excusable neglect pursuant to Rule 6(b).").  As in ***Ritts***, granting the motion to stay would have the practical effect of delaying the defendants' answer deadline.  The defendants' conduct was not

---

[3]The plaintiffs are not prejudiced by the court's refusal to allow entry of default, rather than to order entry of default and cause the parties the expense and temporal delay to later set the default entry aside.  **See *Cross v. Fong Eu*, 430 F. Supp. 1036, 1042 n.8 (N.D. Cal. 1977)**.  The court has the authority to set aside entry of default upon good cause shown.

dilatory, but a conscientious effort to defend against the plaintiff's complaint.   Upon consideration,

**IT IS ORDERED:**

1.     After reconsideration, the determinations made in the court's March 27, 2008 order (Filing No. 19)  are confirmed.

a.     The plaintiffs' Motion for Clerk's Entry of Default (Filing No. 14) is denied.

b.     The defendants' Motion for Leave to File Motion to Dismiss Out of Time (Filing No. 15) is granted.

2.     The defendants shall have to **on or before July 8, 2008**, to file an Amended Motion to Dismiss to include each of the defendants and/or to file an answer for any defendant who does not raise a legal defense in the motion to dismiss.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 24th day of June, 2008.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge