IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH HIGGINS, et al., ) | |
| ) | |
| Plaintiffs, ) | 8:08CV15 |
| ) | |
| vs. ) | ORDER |
| ) | |
| JOACHIM DANKIW, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the defendants' Motion for Stay of Proceedings (Filing No. 9) and Motion to Bifurcate Claims (Filing No. 12).[1] The defendants filed briefs (Filing Nos. 11 and 13) and an index of evidence (Filing No. 10) in support of the motions. The plaintiffs filed a brief (Filing Nos. 28 and 29) in opposition to each motion. The defendants did not reply.

## BACKGROUND

The plaintiffs filed the instant action on January 11, 2008. **See** Filing No. 1 - Complaint. The case arises from the death of Alexander Simoens, who was being detained in the City of Omaha Police Department detention unit from September 7, 2007, until September 9, 2007. *Id.* ¶¶ 26, 51. Mr. Simoens died on September 11, 2007, apparently from a gastrointestinal hemorrhage and perforation of a chronic ulcer. *Id.* ¶ 52. Mr. Simoens suffered from a pre-existing ulcerous medical condition, and he suffered symptoms ranging from mild epigastric discomfort to severe pain and vomiting blood, while in custody. *Id.* ¶¶ 28, 36. The plaintiffs contend the defendants deprived Mr. Simoens of timely, adequate and appropriate medical care. *Id.* ¶ 29(a). The plaintiffs allege a number of other actions and inaction on the part of the defendants caused Mr. Simoens' injury, resulting from violations of his civil rights. The plaintiffs allege defendants Joachim Dankiw, Jeanelle Moore, Andrew Freeman and Mark Haefele were City of Omaha employees

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

responsible for Mr. Simoens' care while at the detention unit.  The plaintiffs further allege the City of Omaha and the defendants in their official capacities proximately caused damage to Mr. Simoens through policies and practices they adopted and implemented, including insufficient staffing in the detention unit.  As stated in the complaint, the defendants fall into three categories of defendants: institutional defendants, official defendants and individual defendants.  *Id.* ¶ 24.  There is some overlap between the categories.  On December 20, 2007, a grand jury issued misdemeanor indictments against Dankiw, Moore, Freeman and Haefele, charging them with violating Nebraska Jail Standards, Title 81 Chapter 10 §§ 1 and 2, and Chapter 2 § 5.  *Id.* ¶ 59.

## ANALYSIS

### A.    Motion to Stay

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).  The parties agree the court should consider and balance five factors when determining whether a stay is appropriate, specifically:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the civil] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Fidelity Funding of California v. Reinhold*, 190 F.R.D 45, 48 (E.D.N.Y. 1997).

Other courts have listed additional factors to consider.  **See** *id.* at 48.  "Balancing these factors is a case-by-case determination, with the basic goal being to avoid prejudice.  The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distribs., Inc.*

2

*v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). There are a number of methods the court may employ to balance the interests of those concerned, including staying all of the civil proceedings, postponing discovery, imposing some restrictions on discovery, or allowing unfettered discovery. *Id.*

Presently, the defendants move for a stay of all proceedings in this action until final resolution of the criminal charges pending against the defendants Dankiw, Moore and Freeman. See Filing No. 9. The defendants, both indicted and unindicted, argue they will be unable to engage in meaningful discovery while criminal charges are pending. The defendants contend they would be placed in the dilemma of having to waive their Fifth Amendment rights against self-incrimination to their detriment in the criminal case or forfeiting the opportunity to fully defend against the civil allegations.

The plaintiffs do not oppose a partial stay. Specifically, the plaintiffs concede the indicted defendants should not be subject to depositions, requests for admissions or other discovery which would tend to incriminate them. Further, the plaintiffs admit trial should be delayed in this matter until full discovery can be completed. The plaintiffs oppose any indefinite stay of all discovery which may delay trial in this case, under the plaintiffs' calculations, until 2020. The plaintiffs contend a complete stay of discovery may lead to the loss or distortion of evidence, but allowing the parties to complete some discovery will likely lead to the naming of the Doe defendants and to preservation of non-defendant witness testimony. The plaintiffs also propose precluding the defendants from filing any motions for summary judgment until the conclusion of discovery. Generally, the plaintiffs admit the claims raised in this civil lawsuit have some acts or omissions in common with some of the criminal charges. However, the plaintiffs assert the criminal charges are based on violations of the Nebraska Jail Standards, while the plaintiffs' allegations relate to conduct which may or may not violate the standards. Further, the plaintiffs argue there is no overlap between the criminal charges and the civil allegations relating to the City's policies, practices and procedures. The defendants did not respond to the plaintiffs' proposal regarding a partial stay.

Although a partial stay of discovery does not alleviate the plaintiffs' concerns with regard to an indefinite delay of trial, the partial stay proposed by the plaintiffs does strike a balance in many of the interests at issue in this matter. The plaintiffs' claims are

sufficiently similar to the criminal charges to create reasonable concerns about the indicted defendants' abilities to defend themselves in this action. The court will not, however, preclude the defendants from filing any motion for summary judgment or partial summary judgment. In the event the defendants file such a motion to which the plaintiffs believe they cannot appropriately respond, the plaintiffs may file a motion pursuant to [Fed. R. Civ. P. 56(f)](Fed. R. Civ. P. 56(f)).

The court will grant the defendants a stay of discovery with regard to any testimonial evidence sought from the indicted defendants. Other discovery may proceed to the extent such discovery does not impair the indicted defendants' interests. Under these conditions, the plaintiffs' interests in obtaining discovery and pursuing their claims may proceed without undue hardship to the defendants. Similarly, the conditions will promote an efficient use of judicial resources while attempting to avoid prejudicial effects on any party or non-party.

### B.   Motion for Bifurcation

The defendants seek an order bifurcating the official capacity claims, or "policy" claims, from the individual capacity claims. Specifically, the defendants seek to stay discovery or trial regarding the official capacity claims unless or until it has been established that any of the underlying claims against the individual defendants are valid. The defendants argue the official capacity claims are "totally contingent" on the outcome of the individual claims and add factual complexity by, for example, adding conduct by individuals unrelated to the incidents surrounding Mr. Simoens.

The plaintiffs do not oppose bifurcation, but oppose a stay of discovery on the policy claims. In essence, the plaintiffs propose bifurcating trial so the two trials occur back-to-back with the same jury, if the plaintiffs are successful on their first claim. The plaintiffs assert they will be prejudiced by an indefinite delay of discovery due to the possibility of the statute of limitations running for potential other defendants. The plaintiffs also argue they run the risk of engaging in double discovery, as depositions and written discovery may have to start over. Additionally, the plaintiffs argue the claims are intertwined because the individual defendants may rely on the defense that they were only following policy.

4

However, the plaintiffs admit that if the indicted defendants prevail at trial in this case, the policy claims will be moot.

> Federal Rule of Civil Procedure 42 provides:
>> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

"District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 466 (N.D. Iowa 2003); **see** *Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000). The party seeking severance has the burden of showing separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party. **See** *Athey*, 234 F.3d at 362. A court considers the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion when determining whether to bifurcate claims. *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983). Additionally, a court may also consider simplification of discovery and/or the avoidance of costly, and possibly unnecessary, discovery. **See** *Weimer v. Int'l Flavors & Fragrances, Inc.*, No. C05-4138, 2007 WL 1959103, at *2 (N.D. Iowa July 3, 2007) (Slip copy). Courts use bifurcation of claims in police misconduct cases where claims are also brought against a city, particularly where trial of the first issue may eliminate the need for a trial on the second. **See** *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

Although not all cases containing both individual capacity and official capacity claims must be bifurcated, bifurcation is appropriate in this case since the defendants have shown bifurcation will promote convenience, expedite the proceedings and avoid unfair prejudice to a party. The possible discovery related to the policy claims could threaten to overwhelm the litigation, yet be unnecessary in the long run since the outcome of the individual claims impacts the policy claim. Bifurcation will allow the parties to engage in more narrow discovery and, depending on the criminal matters, prepare for a resolution of the individual capacity claims more expeditiously. It is clear the policy claim raises complicated discovery

issues.  For these reasons, the court concludes discovery on the policy claim should be stayed.  As suggested by the plaintiffs, the parties may by agreement or future reconsideration of this order, engage in discovery related to the policies at issue where appropriate based on the development of the matter.  However, the parties may continue to engage in meaningful discovery on the individual capacity claims, except where limited above.  Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion for Stay of Proceedings (Filing No. 9) is granted in part and denied in part.  The defendants are granted a stay of discovery for any testimonial evidence sought from the indicted defendants.  In all other respects, the defendants' motion is denied.

2. The defendants' Motion to Bifurcate Claims (Filing No. 12) is granted. Discovery and trial shall proceed first on the plaintiffs' individual capacity claim (Claim I). The parties may proceed with discovery and trial of the plaintiffs' policy claim (Claim II) separately, if necessary, after resolution of Claim I.

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 24th day of June, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge