IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH HIGGINS, et al., | ) |
| Plaintiffs, | ) 8:08CV15 |
| v. | ) MEMORANDUM AND ORDER |
| JOACHIM DANKIW, et al., | ) |
| Defendants. | ) |

This matter is before the court on the plaintiffs' appeal, Filing No. 37, of the magistrate judge's order, Filing No. 34, defendants' amended motion to dismiss, Filing No. 35, as well as the defendants' motion to dismiss or strike claims, Filing No. 45.  Plaintiffs in this action are Elizabeth Higgins and Shawn Simoens.  They commenced this action as the co-personal representatives for the Estate of Alexander Simoens.  There are three sets of defendants in this case:  individual defendants; institutional defendants; and defendants sued in their official capacities.  However, there is some overlap of these defendants into multiple sets as well.  The individual defendants are sued due to allegations of inadequate medical care in violation of civil and constitutional rights that led to the death of Alexander Simoens.  The City of Omaha defendants are sued because of alleged customs, practices and polices, or lack thereof, that led to the death of Alexander Simoens.

### BACKGROUND

The case arises from the death of Alexander Simoens, who was detained by the Omaha Police Department for various traffic violations on September 7, 2007. First Amended Complaint, Filing No. 41 at ¶ 24.  At the time he was detained, Mr. Simoens suffered from a pre-existing ulcerous medical condition.  *Id.* at ¶ 26.  Mr. Simoens was

moved to the Omaha City Jail and was detained there until September 9, when he collapsed and lost consciousness. *Id.* at ¶¶ 25, 49. While Mr. Simoens was detained, symptoms ranging from mild discomfort to severe epigastric pain and eventually the vomiting of blood appeared. *Id.* at ¶ 34. Mr. Simoens died on September 11, 2007, from an apparent gastrointestinal hemorrhage and a perforation of his chronic ulcer. *Id.* at ¶ 50. The plaintiffs contend the defendants deprived Mr. Simoens of timely, adequate and appropriate medical care. *Id.* at ¶ 27(a).

The plaintiffs also allege a number of other actions and inaction on the part of the defendants which violated Mr. Simoens' civil rights and caused Mr. Simoens' injuries and death. The plaintiffs allege that Joachim Dankiw, Jeanelle Moore, Andrew Freeman and Mark Haefele, in both their individual and official capacities, are City of Omaha employees responsible for Mr. Simoens' care while at the detention unit. A grand jury issued misdemeanor indictments against Dankiw, Moore, Freeman and Haefele on December 20, 2007, charging the four of them with violating Nebraska Jail Standards, Title 81 Chapter 10 §§ 1 and 2, and Chapter 2 § 5. Filing No. 41 at ¶ 57. The plaintiffs further allege that the City of Omaha and the numerous other defendants, by acting in their official capacities, caused harm to Mr. Simoens through policies and practices they adopted and implemented, including insufficient staffing in the detention unit. The plaintiffs also bring claims against the various defendants pursuant to the Nebraska Political Subdivision Tort Claims Act, Neb. Rev. St. §§13-901 - 13-927. Filing No. 41 at ¶¶ 3-19.

## AMENDED MOTION TO DISMISS

The amended motion to dismiss was filed on July 7, 2008. Filing No. 35. Since that time, plaintiffs filed an amended complaint on July 25, 2008, Filing No. 41, and the

defendants filed a new motion to dismiss or strike claims from the amended complaint on August 8, 2008, Filling No. 45. After these fillings, the amended motion to dismiss became moot. Therefore, the amended motion to dismiss, Filing No. 35, is denied as moot.

## APPEAL OF MAGISTRATE JUDGE'S ORDER

### A.  Standard of Review

A district court reviews de novo those portions of a magistrate judge's order that are objected to by a party. *Grinder v. Gammon*, 73 F.3d 793, 792 (8th Cir. 1996). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(2006). A district court may reconsider a magistrate judge's ruling where it has been shown that the ruling is clearly erroneous or contrary to law. *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) (*citing* 28 U.S.C. § 636(b)(1)(A) (2006)).

### B.  Discussion

Plaintiffs object to and appeal a portion of the magistrate judge's order, Filing No. 34, addressing the motion to stay, Filing No. 9, and the motion to bifurcate claims, Filing No. 12. The order considered a motion by the defendants to stay all proceedings in this matter pending the resolution of the criminal charges filed against defendants Dankiw, Moore, Freeman and Haefele (the "indicted defendants"). The order allowed, and the plaintiffs agreed to, a partial stay of discovery to protect the indicted defendants' Fifth Amendment rights. Filing No. 34 at 4. The order also bifurcated the official capacity policy

3

claims[1] from the individual capacity claims.  The order found that bifurcation was appropriate to "promote convenience, expedite the proceedings and avoid unfair prejudice to a party." Filing No. 34 at 5.  After bifurcating the claims, the magistrate judge also stayed all discovery relating to the policy claims, stating that "[t]he possible discovery related to the policy claims could threaten to overwhelm the litigation, yet be unnecessary in the long run." Filing No. 34 at 5.

Plaintiffs object to the stay of discovery "in any way involving or relating to the City's policies." Filing No. 37 at 3.  The plaintiffs argue that staying discovery on the policy claims is unjust because it is analogous to preventing a medical malpractice plaintiff from discovery of hospital protocols when the nurse, as a defendant, is alleged to have violated those protocols.  Filing No. 38 at 8-9.  However, the plaintiffs do not object to either the bifurcation of the individual claims from the policy claims for trial purposes or the stay of discovery regarding testimonial evidence from the indicted defendants.  The defendants oppose the objection to the order, arguing that allowing discovery relating to the policy claims would create an undue burden by allowing plaintiffs to conduct a "fishing expedition through thousands of documents."  Defendants Brief in Reply to Plaintiffs' Objections to Magistrate Judge's Order, Filing No. 40 at 4.

The objection presented by plaintiffs will only be sustained if clear error is shown. The Federal Rules of Civil Procedure allow a court to limit the scope of disclosure or discovery to certain matters in order to protect a party from annoyance or undue burden

---

[1] The policy claims are generally listed in the first amended complaint as: (1) failure to properly instruct, train, supervise, or provide adequate medical care and (2) failure to adopt and enforce adequate policies to ensure city jail detainees' health care needs are adequately and timely met.  More specifically, plaintiffs' brief in support of its appeal of the order lists various policy and official capacity issues in question: understaffing of the city jail, training related to healthcare issues, continuing education of employees, the jail operations manual, reporting and investigatory requirements for incidents at the City Jail, and other policies of a similar nature.

4

or expense. Fed. R. Civ. P. 26(c)(1)(D).  Plaintiffs admit in their brief that discovery relating to at least one policy claim[2] may require large amounts of time and expense.  Filing No. 38 at 4.  However, the parties disagree on the amount of time and expense that may be necessary for discovery relating to other parts of the policy claim.  The defendants have offered little support for their arguments that the requests of the plaintiffs will in fact be unduly burdensome.

The court agrees with the decision of the magistrate judge concerning bifurcation and that discovery will be stayed as to the indicted defendants until such time as a decision is reached in their respective cases.  The court finds it will not adopt the report and recommendation of the magistrate judge with regard to the stay of the remaining claims. The policies regarding health protocols and training issues appear to be intricately related to the plaintiffs' claims in the amended complaint, including the recent amendment of the Federal Tort Claims Act claims.  However, even without this recent amendment, the court concludes that these policies are relevant to plaintiffs' claims.  The court agrees with plaintiffs that failure to permit discovery at this juncture in the case could cause them to lose witnesses and evidence and to miss a statute of limitations.  They are entitled to find and preserve such evidence.  Once the criminal charges against the indicted defendants are determined, plaintiffs may proceed with discovery against the indicted defendants. The court will not stay discovery of the policy claims as they relate to this case.  The court, however, cautions plaintiffs that they should not enter into a "fishing expedition."  Plaintiffs are entitled to enter into discovery concerning policies that are likely to lead to relevant

---

[2] Plaintiffs admit that the issue of understaffing the city jail could cause significant time and expense during discovery.

5

information related to this case. The court is confident that the magistrate judge can oversee this endeavor successfully.

The magistrate judge found that the trials in this case should be bifurcated, determining that there can be no liability to the defendants sued in their official capacities unless there is a liability determination against the individuals first. Plaintiffs agreed to bifurcation of the trial but not to the discovery issues. At this time, the court adopts the recommendation for trial bifurcation.

The court will adopt the magistrate judge's stay of the discovery as to the indicted defendants and the recommendations of the magistrate judge with regard to the stay of discovery and as to bifurcation. Therefore, the appeal from the magistrate judge's order, Filing No. 37, is sustained, and the order of the magistrate judge, Filing No. 34, is adopted in part and denied in part.

## MOTION TO DISMISS

### A. Standard of Review

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, ___, 127 S. Ct. 1955, 1965 n.3 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (2007) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the

complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* In other words, the complaint must plead "enough facts to state a claim for relief that is plausible." *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id.* at 1966*; Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

**B. Discussion**

In response to the First Amended Complaint, Filing No. 41, the defendants filed a motion to dismiss or strike claims pursuant to Fed R. Civ. P. 12(b)(6) and Fed R. Civ. P. 12(f). Filing No. 45. The motion contains eight itemized requests for the relief. The defendants filed a brief in support of their motion. Filing No. 46. The plaintiffs opposed the motion and filed a brief as well. Filing No. 52.

### 1. Claims brought by Plaintiffs as Heirs-at-Law and Individuals

Paragraphs five and eight of the defendants' motion to dismiss will be denied as moot. In both paragraphs, the defendants wish to dismiss or strike the claims being

brought by the plaintiffs as individuals and heirs-at-law (as opposed to co-personal representatives of the estate of Alexander Simoens). However, the plaintiffs have already voluntarily dismissed from their amended complaint all claims arising from their status as individuals and heirs-at-law. Filing No. 51. Therefore, with respect to paragraphs five and eight of the motion to dismiss claims or to strike claims in the first amended complaint, Filing No. 45, the motion is denied as moot.

### 2. Claims Brought Against Both the City of Omaha and Defendants in Their Official Capacity

There are thirteen defendants sued in their official capacities. In addition, the plaintiffs sued the City of Omaha. In paragraphs one through four, the defendants wish to dismiss or strike the official capacity claims brought against numerous individuals as duplicative and redundant of the claims against the City of Omaha itself. Alternatively, the defendants argue that the claims against the City of Omaha should be dismissed as duplicative of the official capacity claims against the various individuals. Defendants also argue that the indicted defendants may have a reduced ability to obtain legal representation for the individual claims trial or have their available defenses at that trial altered if the official capacity claims remain in the complaint rather than being dismissed or stricken.

Plaintiffs oppose the dismissal of either set of claims, arguing that Fed. R. Civ. P. 12(b)(6) does not mandate that either an official capacity defendant or the relevant municipality be dismissed from an action in which both are named as defendants. Filing No. 52 at 2-3. Plaintiffs also disagree with defendants' assertions regarding the indicted defendants' legal representation. Instead, the plaintiffs claim that the indicted defendants

will have the same availability of representation on the individual claims regardless of the defendants named for the policy claims.

The United States Supreme Court, in attempting to clear up the differences between individual capacity and official capacity claims, stated that "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham, 473 U.S. 159, 166 (1985)*. Later in that opinion, the Supreme Court stated that "[t]here is no longer a need to bring official-capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Id.* at 167, note 14.

The defendants' argument that the four indicted defendants may have their representation or defense harmed in the individual claims trial if none of the claims are stricken or dismissed is unpersuasive. The defendants have failed to explain to the court why such representation is potentially harmed. It seems unlikely that legal representation on the individual claims will be affected by the inclusion or exclusion of certain defendants from the policy claims. Indeed, the defendants themselves, by arguing redundancy, seem to agree that the potential policy claims will be the same regardless of which defendants are named on the policy claims. The defendants have offered no caselaw that states the plaintiffs are prohibited from naming both the City and its employees. In fact, a quick review of the caselaw shows numerous captions wherein both the City and individuals in their official and individual capacities have been sued. *See, e.g.*, *DeLeon v. City of Ecorse, 2008 WL 4888988 (6th Cir. 2008); Crane v. City of Roy, 2008 WL 4900555 (W. D. Wash. 2008); Columbia Park Golf Course, Inc. v. City of Kennewick, 2008 WL 4862554 (E. D.*

9

Wash. 2008); *Perry v. Taser Internatioinal Corp.*, 2008 WL 4829850 (D. Colo. 2008). Therefore, with respect to paragraphs one through four of the motion to dismiss claims or to strike claims in the first amended complaint, Filing No. 45, the motion is denied.

### 3. Negligence as a Form of Deliberate Indifference

In paragraph 6 of the motion, the defendants argue that Counts I and II of Part 3 of the first amended complaint, Filing No. 41, make improper claims based upon 42 U.S.C. § 1983. Specifically, the defendants argue that §1983 actions cannot arise through negligent acts, and therefore do not state a claim upon which relief may be granted. Filing No. 45 at 5.

Both parties agree in their respective briefs that the actual standard for §1983 actions is deliberate indifference. While deliberate indifference "entails something more than mere negligence . . . it is [also] clear that it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The Eighth Circuit, quoting *Farmer*, stated in 2007 that, "a prisoner need not show that a prison official acted or failed to act believing that harm would actually befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Ambrose v. Young*, 474 F.3d 1070, 1076 (8th Cir. 2007).

While mere negligence would not be enough to satisfy a §1983 action, it is clear that a high enough degree of negligence will satisfy a standard of deliberate indifference. At this stage, all plaintiffs must show enough facts that the claim for relief is plausible. Taking the allegations as true as required when ruling on a 12(b)(6) motion to dismiss, it is certainly plausible that the negligence alleged here could give rise to a proper §1983

action. Therefore, with respect to paragraph 6 of the motion to dismiss claims or to strike claims in the first amended complaint, Filing No. 45, the motion is denied.

### 4. Constitutional Rights to Medical Care

Finally, paragraph seven of the motion to dismiss deals with allegations found in paragraph 27 of the first amended complaint. Filing No. 41. Specifically, the defendants wish to have all subparagraphs except subparagraph (a) dismissed for failure to state a claim upon which relief may be granted or stricken as redundant of (a).

As stated above, pleadings must only give notice to the other party of what the claim is and the grounds upon which it rests. *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (2007). Additionally, for purposes of deciding a motion to dismiss, all of the allegations must be taken as true. A Rule 12(b)(6) motion to dismiss generally applies to the entire complaint, or at least specific claims as "failing to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Here, the paragraph in question is merely stating factual allegations, making a 12(b)(6) dismissal inapplicable.

Additionally, while the Federal Rules of Civil Procedure allow courts to strike redundant, impertinent, scandalous, or immaterial matters from pleadings; it does not require them to do so. Fed. R. Civ. P. 12(f) (stating "[t]he court *may* strike from a pleading . . . ") (emphasis added). While not necessary under the liberal pleading rules used by the federal system, plaintiffs may plead specific facts if they choose. Here, there is no readily apparent harm in leaving paragraph 27 of the amended complaint as is written. If anything, it provides the defendants greater notice of the plaintiffs' accusations than actually required by the rules. Therefore, with respect to paragraph seven of the motion to dismiss claims or to strike claims in the first amended complaint, Filing No. 45, the motion is denied.

THEREFORE, IT IS ORDERED that:

1. The defendants' amended motion to dismiss, Filing No. 35, is denied as moot.

2. The plaintiffs' appeal of the magistrate judge's order, Filing No. 37, is sustained as set forth herein.

3. The order of the magistrate judge, Filing No. 34, is adopted in part and denied in part as set forth herein.

4. The motion to dismiss claims or strike claims from the first amended complaint, Filing No. 45, is denied.

DATED this 18th day of December, 2008.

BY THE COURT:

**s/ Joseph F. Bataillon**
Chief United States District Judge