IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ELIZABETH HIGGINS, et al., | ) |
| Plaintiffs, | ) 8:08CV15 |
| vs. | ) ORDER |
| JOACHIM DANKIW, et al., | ) |
| Defendants. | ) |

This matter is before the court on the defendants' Motion to Bifurcate and Stay Discovery (Filing No. 54); the plaintiffs' Motion to Vacate or Set Aside That Part of the Order of June 24, 2008, Which Bifurcates the Trial (Filing No. 61); and the defendants' Motion to Strike Exhibits From the Record (Filing No. 67).  The last two motions are related.  All three of the motions are fully briefed.  Each of the motions will be discussed in detail below.

## BACKGROUND

The case arises from the death of Alexander Simoens, who was being detained in the City of Omaha Police Department detention unit from September 7, 2007, until September 9, 2007, related to various traffic offenses.  **See** Filing No. 41 - Amended Complaint ¶¶ 24, 49-50.  Mr. Simoens died on September 11, 2007, apparently from a gastrointestinal hemorrhage and perforation of a chronic ulcer. *Id.* ¶¶ 26, 50.  Mr. Simoens suffered from a pre-existing ulcerous medical condition, and he suffered symptoms ranging from mild epigastric discomfort to severe pain and vomiting blood, while in custody. *Id.* ¶¶ 26, 34, 36.  The plaintiffs contend the defendants deprived Mr. Simoens of timely, adequate and appropriate medical care. *Id.* ¶ 27(a).  The plaintiffs allege a number of other actions and omissions on the part of the defendants caused Mr. Simoens injury, resulting from violations of his civil rights. The plaintiffs allege defendants Joachim Dankiw, Jeanelle Moore, Andrew Freeman and Mark Haefele were City of Omaha employees responsible for Mr. Simoens' care while at the detention unit.  The plaintiffs further allege

the City of Omaha and the defendants in their official capacities proximately caused damage to Mr. Simoens through policies and practices they adopted and implemented, including insufficient staffing in the detention unit. As stated in the complaint, the defendants fall into three categories of defendants: institutional defendants, official defendants and individual defendants. *Id.* ¶ 22. There is some overlap between the categories. On December 20, 2007, a grand jury issued misdemeanor indictments against Dankiw, Moore, Freeman and Haefele, charging them with violating Nebraska Jail Standards, Title 81 Chapter 10 §§ 1 and 2, and Chapter 2 § 5. *Id.* ¶ 57.

The plaintiffs filed the instant action on January 11, 2008. **See** Filing No. 1 - Complaint. On March 14, 2008, the defendants filed a motion to stay and a motion to bifurcate claims. **See** Filing Nos. 9 and 12. On June 24, 2008, the court ordered a partial stay with respect to testimonial evidence sought from the indicted defendants. **See** Filing No. 34. Additionally, the court bifurcated the plaintiffs' claims against the individual defendants from the policy claims delaying discovery and trial on the policy claim. *Id.* On July 25, 2008, the plaintiffs filed an amended complaint adding claims pursuant to Nebraska's Political Subdivisions Tort Claims Act (Tort Claims Act), Neb. Rev. Stat. § 13-901 to 13-927. **See** Filing No. 41 - Amended Complaint. In response to the plaintiffs' appeal of the June 24, 2008 order, and, in part based on the amended complaint, on December 18, 2008, the court reversed the stay order with regard to discovery about policy evidence. **See** Filing No. 57. Specifically, the court determined, "[t]he policies regarding health protocols and training issues appear to be intricately related to the plaintiffs' claims." *Id.* p. 5. The December 18, 2008 order also denied the defendants' motion to dismiss. *Id.* p. 7-11. On January 6, 2009, the defendants filed answers to the amended complaint. **See** Filing Nos. 58 and 59.

On October 1, 2008, the defendants filed their second motion to bifurcate and stay discovery in relation to the new negligence claims added in the amended complaint, which are based on negligent supervision and/or training of jail personnel, described as Counts XI through XVI in the amended complaint. **See** Filing No. 54. At the plaintiffs' request, the court held the motion in abeyance pending resolution of the plaintiffs' appeal of the June 24, 2008 order. **See** Filing No. 56. The defendants filed a brief (Filing No. 55) in support

of the motion.  The plaintiffs filed a brief (Filing No. 60) in opposition to the defendants' motion.

On January 22, 2009, the plaintiffs filed their motion to modify the June 24, 2008 order to the extent the order authorized bifurcation of trial.  **See** Filing No. 61.  Although the plaintiffs had originally agreed to bifurcation, the plaintiffs now assert bifurcation is not supported by the facts and allegations contained in the amended complaint because of the common issues contained in the policy claims and the negligence claims.  *Id.*  The plaintiffs filed a brief (Filing No. 62) and an index of evidence (Filing No. 63) in support of the motion.  The defendants filed a brief (Filing No. 64) in opposition to the plaintiffs' motion.  In reply, the plaintiffs filed a brief (Filing No. 65) and an index of evidence (Filing No. 66).

In response to the plaintiffs' evidence, which was filed in support of the motion to modify, the defendants filed a motion to strike (Filing No. 67) the documents attached to the plaintiff's reply index of evidence (Filing No. 66) as Ex. A and Ex. B, and to strike certain paragraphs from Ex. C.  The defendants contend the exhibits are irrelevant, immaterial, not competent evidence, inadmissible hearsay and without foundation.  *Id.*  The defendants filed a brief (Filing No. 68) in support of the motion to strike.  The plaintiffs filed a brief (Filing No. 69) in opposition to the defendants' motion to strike.

## ANALYSIS

The defendants' motion to bifurcate assumes, as was the posture of the case at the time, that trial of the official capacity claim, or "policy" claim, would be separate from the individual capacity claim.  The defendants also assumed discovery would be stayed on the policy claim pending resolution of the individual capacity claim.  Based on these assumptions, the defendants also sought to bifurcate, for trial and discovery, the negligence claims brought against the defendants Thomas Warren, in his role as Chief of Police; Charles Benak, who had a supervisory position with the Omaha Police Department and/or jail; Moore who worked in a supervisory position at the jail; seven City of Omaha City Counsel Members; and unidentified others, for negligent training and supervision of jail personnel, which lead to the death and suffering of the decedent.  **See** Filing No. 54.  These claims are found at Count XI through Count XVI of the amended complaint and

were brought pursuant to the Tort Claims Act.  **See** Filing No. 41.  The defendants do not seek bifurcation of other claims also brought pursuant to the Tort Claims Act for alleged negligent conduct by the City of Omaha, Dankiw, Moore, Freeman and Haefele, such as failure to provide adequate timely health care and failure to adopt and enforce adequate policies for health care.  **See, e.g.**, *id.* (Count III through Count X).

The defendants argue the trial and discovery of the negligent training and supervision claims should be bifurcated from the remaining claims for four basic reasons.  First, the defendants contend that because the Tort Claims Act claims must be tried to the bench, pursuant to Neb. Rev. Stat. § 13-907, and the presentation of evidence for the claims would cause juror confusion, if jointly tried.  Second, the defendants assert the measure of damages for the § 1983 claims overlap with the negligence claims such that the plaintiffs, if they recover, would recover more on the former claims rendering the latter claims impotent, even though they would not be moot.  Third, the defendants contend the indicted defendants *would likely* suffer undue prejudice by presentation to the jury of evidence associated with the negligent training and supervision claims, depending on what discovery reveals.  Finally, the defendants argue the negligent training and supervision claims are factually dissimilar from the other claims.[1]  These factual differences, according to the defendants, will require extensive discovery beyond the incidents surrounding the decedent's detention.  Specifically, the plaintiffs may seek budgetary information and information about complaints against the jail, which do not pertain to the decedent or the indicted defendants.  Thus, the extensive amount of discovery combined with the insubstantial benefit, compared with the plaintiffs' other claims, creates an incentive to postpone trial and discovery on these claims until after resolution of the others.

The plaintiffs oppose bifurcation and seek reconsideration of the court's earlier bifurcation order.  The plaintiffs' arguments are the same for both issues.  The plaintiffs acknowledge bifurcation was appropriate based on the complaint which contained only two claims pursuant to 42 U.S.C. § 1983, one claim against individuals based on their conduct and a second claim against the city based on policy.  In contrast, the plaintiffs argue

---

[1]The defendants do admit there is some overlap between these claims and the other official capacity claims.  **See** Filing No. 64 - Brief p. 5.

4

bifurcation in not appropriate based on the amended complaint which added negligence claims against the individuals and the city. These negligence claims and defenses incorporate similar facts and issues from the § 1983 claims. Likewise, the claims related to negligent failure to train and/or supervise have overlapping evidence and concepts with all other claims. Accordingly, the overlap of evidence diminishes any practical benefit previously found by bifurcation. Additionally, the plaintiffs contend the fact that some claims will be determined by the court, rather than a jury, does not weigh in favor of bifurcation because (1) the jury may easily be instructed to avoid problems, and (2) the defendants do not seek to bifurcate other claims which will be tried to the court. Finally, the plaintiffs assert the issue of prejudice to the indicted defendants need not be resolved at this time, but may be more concretely determined at the close of discovery. However, the plaintiffs contend they will be prejudiced by additional delays caused by bifurcation.

The main issue addressed by the parties is bifurcation for trial. A related issue, also addressed to some extent by the parties, is the development of discovery. In a previous order, the court bifurcated trial and stayed discovery on the policy claim. However, the court lifted the stay as to discovery and the plaintiffs may conduct discovery on the policy claim(s). The court stated: "The policies regarding health protocols and training issues appear to be intricately related to the plaintiffs' claims in the amended complaint, including the recent amendment of the [ ] Tort Claims Act claims." **See** Filing No. 57 p. 5. Even so, the issues of bifurcation of trial and stay of discovery for the negligent training and/or supervision claims were not before the court at that time. In any event, the current motions will be determined based on Federal Rule of Civil Procedure 42, which provides:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed. R. Civ. P. 42(b).

"District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b)." *Eischeid v. Dover Const., Inc.*, 217 F.R.D. 448, 466 (N.D. Iowa 2003); **see** *Athey v. Farmers Ins. Exchange*, 234 F.3d 357, 362 (8th Cir. 2000).

The party seeking severance has the burden of showing separate trials will (1) promote convenience, (2) expedite the proceedings, or (3) avoid unfair prejudice to a party. See *Athey*, 234 F.3d at 362. A court considers the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion when determining whether to bifurcate claims. *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1042 (8th Cir. 1983). Additionally, a court may also consider simplification of discovery and/or the avoidance of costly, and possibly unnecessary, discovery. See *Weimer v. Int'l Flavors & Fragrances, Inc.*, No. C05-4138, 2007 WL 1959103, at *2 (N.D. Iowa July 3, 2007) (Slip copy). Courts use bifurcation of claims in police misconduct cases where claims are also brought against a city, particularly where trial of the first issue may eliminate the need for a trial on the second. See *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 316 (2d Cir. 1999).

Although the court previously bifurcated the individual capacity and official capacity claims, the nature of the case has materially changed given the amended complaint and the relevance of the policy claims to the other claims. Bifurcation is no longer appropriate in this case. The defendants have failed to show bifurcation will promote convenience or expedite the proceedings. The plaintiffs' claims are interrelated with overlapping evidence and issues. Trial and discovery on some claims will not necessarily alleviate the need for discovery and trial on other claims. Further, although prejudice is possible on a joint trial of all claims, the defendants have failed to show that undue prejudice exists based on actual evidence. The court may revisit the issue closer to trial and after discovery. No good cause exists to delay discovery on any specific claims given denial of the motion to bifurcate. Additionally, the claims are sufficiently similar to make a stay of any particular discovery difficult and overly burdensome. For these reasons, the court concludes the claims should not be bifurcated and the parties may engage in discovery on all claims.

Related to the plaintiffs' motion, the defendants seek to strike certain exhibits contained in the plaintiffs' index of evidence. Specifically, the defendants seek to have the court strike two news articles found on the Internet and portions of counsel's affidavit attesting that statements he attributes to defendants Moore and Benak are true and accurate based on counsel's attendance public hearings. The defendants argue the

evidence is inadmissible and irrelevant.  The plaintiffs state they only included the evidence with the reply because the defendants had complained the related statements contained in the plaintiffs' opening brief were unsubstantiated.  Further, the plaintiffs contend inclusion of the evidence does not prejudice the defendants.  The court will not strike the index of evidence from the record as the media reports are public information and the affidavit merely refers to information contained elsewhere in the record.  However, the court did not rely on the facts asserted by the plaintiffs and contained in the disputed index of evidence.  Counsel are cautioned to comply with the local and federal rules regarding factual support for motions.  **See, e.g.,** NECivR 7.1.  Upon consideration,

**IT IS ORDERED:**

1. The defendants' Motion to Bifurcate and Stay Discovery (Filing No. 54) is denied.

2. The plaintiffs' Motion to Vacate or Set Aside That Part of the Order of June 24, 2008, Which Bifurcates the Trial (Filing No. 61) is granted.  Discovery and trial shall proceed on all claims simultaneously.

3. The defendants' Motion to Strike Exhibits From the Record (Filing No. 67) is granted, in part.

4. The parties shall have **until March 31, 2009**, to file a planning report with the court as required by Fed. R. Civ. P. 26(f).

**ADMONITION**

Pursuant to NECivR 72.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any objection to the Order.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

DATED this 20th day of March, 2009.

BY THE COURT:  
 s/ Thomas D. Thalken  
United States Magistrate Judge